# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES M. GREEN, | * | |
| Petitioner, | * | Civil Action No. JFM-16-305 |
| | * | |
| v | * | |
| | * | |
| WARDEN | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM

On February 3, 2016, James M. Green submitted correspondence, seeking to correct "the Circuit Court of Harford County's imposition of an ILLEGAL SENTENCE...." in case numbers 12K-03-840 and 12K-05-1204. ECF 1. Green posits this constitutes a clear "federal violation of my habeas corpus." *Id.* Green indicates he has been released from incarceration, though he does not state whether he is on parole or has fully completed his sentence. He faults the state courts of Maryland for failing to correct his purportedly illegal sentence.

Green attacked his state convictions in a petition for writ of habeas corpus filed in Civil Action JFM-10-1333, and which was denied on the merits on September 30, 2011. *Green v. Roderick Sowers, Warden, et al.*, Civil Action No. JFM-10-1333. The United States Court of Appeals for the Fourth Circuit dismissed Green's appeal of that decision and denied a certificate of appealability on April 25, 2012. *Green v. Attorney General of the State of Maryland, et al.*; CA4 No. 11-7654.

On November 1, 2002, Green was arrested by members of the Harford County Narcotics Task Force. Green was indicted and charged with several counts of distribution and possession of narcotics. On January 14, 2004, Green entered a guilty plea to one count of distribution of

cocaine in the Circuit Court for Harford County. A state post-conviction court later vacated Green's plea and granted Green a new trial. At his subsequent trial in July of 2006, Green faced a multiple-count indictment for the possession and distribution of both cocaine and heroin. On July 11, 2006, a jury convicted Green of three counts of distribution of cocaine; one count of possession of cocaine; one count of possession of heroin; and one count of possession with intent to distribute cocaine. Green was sentenced to a sixty-four year prison sentence, with all but twenty years to actually serve; ten of those without parole. See *Green v. Roderick Sowers, Warden, et al.*, Civil Action No. JFM-10-1333, ECF 16. It appears that Green has been released from confinement and resides in Harford County, Maryland.

Insofar as Green intends to attack his sentence again by way of a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, this filing will be treated as a successive petition challenging those same state convictions. Because Green provides no evidence he received pre-filing authorization from the United States Court of Appeals for the Fourth Circuit to file a successive petition, this petition for habeas corpus relief must be dismissed for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997).

Green also complains that his sentence structure is illegal, and several counts should have merged. (ECF 1 at 2). Green does not assert that he is in custody in violation of the Constitution or laws of the United States. He premises his claims solely on alleged violations of state law, specifically Md. Rule 4-345. ECF 1 at 7. Pursuant to 28 U.S.C. §2241(c)(1),(c)(3) (the writ shall not extend unless a petitioner is in United States custody for violating United States law), Green's request for relief must be dismissed for lack of jurisdiction.

When a district court dismisses a habeas petition solely on procedural grounds, a

certificate of appealability ("COA") will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. As Petitioner has not made a substantial showing of the denial of his constitutional rights, this court will not issue a COA. A separate order follows.

\_\_2/29/16\_\_
Date

_____
J. Frederick Motz
United States District Judge